in May, 1876, and that attachment was discharged by bond with sureties in October, 1876, of which fact they were notified. It seems to be clear, that, from the time the attachment was discharged, they could be excused from the payment of interest only by a tender of the amount which they admitted to be due, and which I have found to be the true amount.

The question is, whether, for the time that the funds were under arrest, they are chargeable. Upon this point there is great diversity of practice. In some states it is held that a garnishee is excused from paying interest, unless it is proved that he has made it; in others, that he is liable for it, unless he proves that he did not make it; and, in still others, he must pay the money into court, if he would be relieved of this charge. In Massachusetts, the rule appears to be, that, if the garnishee owes a debt which by its terms bears interest, he will be bound to pay it, as an incident to the principal, though his power of paying was suspended by the misfortune of an attachment. Adams v. Cordis, 8 Pick. 260. And, on the other hand, that he will not be bound to pay it while an attachment was pending, if it is no part of the contract, but is merely assessable as damages for non-payment. Oriental Bank v. Tremont Ins. Co., 4 Metc. [Mass.] 1; Rennell v. Kimball, 5 Allen, 356. The distinction is rather nice, unless by contract is meant an express contract, because in debts due ex contractu it is difficult to draw the line between an implied promise to pay interest, after demand, or after the debt is due, and a liability to pay the same interest, ex debito justiciae, as damages. Rent, for example, is held in many of the states, and, I suppose, in Massachusetts, to bear interest without a demand, and I suppose freight does; but whether as damages or as impliedly contracted for, I confess I do not know; but an express contract may perhaps be held to overrule all considerations of a general character.

In some cases stress is laid upon the money not having been paid into court or set apart. I know of no right that a garnishee has to set money apart, or invest it, with or without interest. He is simply a debtor; and if his debt bears interest, for any reason, or in any mode of assessment, I hardly see why the interest should stop until the principal is paid. Interest is not assessed as a penalty for default, so much as being, on the whole the fairest mode of making the plaintiff good; and it is often assessable when the defendant has been unable to pay or tender the amount due, through some misadventure or other beyond his control.

However, I do not think the admiralty is bound to any hard and fast rule on the subject, unless where some statute or positive contract regulates the matter. The defendants had the use of the money, and money was worth, it seems, three per cent. a year on

call, while they had it; and they are traders. I think the true settlement for this case is to allow interest at the rate of three per cent. for the time the attachment was pending; and I consider six per cent. to be due, as matter of law, after that obstruction was removed. Decree accordingly.

——

GREENLEAF (BANKS v.). See Case No. 959.

——

## Case No. 5,777.

### GREENLEAF v. CROSS.

[1 Cranch, C. C. 400.] [3]

Circuit Court, District of Columbia. June Term, 1807.

BAIL.

Affidavit to hold to bail.

Affidavit that defendant was justly indebted to the plaintiff for one thousand weight of crop tobacco, for rent.

THE COURT thought it sufficient to hold to bail.

FITZHUGH, Circuit Judge, absent.

——

## Case No. 5,778.

### GREENLEAF et al. v. GOODRICH.

[1 Hask. 586; [1] 21 Int. Rev. Rec. 324.]

Circuit Court, D. Massachusetts. Sept., 1875. [2]

CUSTOMS DUTIES—ACTIONS TO RECOVER PAYMENTS —SIMILAR DESCRIPTION—EXPERT TESTIMONY.

1. In a suit to recover back duties paid upon certain goods as of "similar description" levied under the act of 1862 [12 Stat. 553], laying the duty upon all delaines and goods of "similar description," it is for the jury to say as a fact whether the goods upon which the duty was laid were of similar description as delaines.
[See note at end of case.]

2. The words "similar description" are to be understood in their popular and generally received meaning; goods similar in product and adapted to similar uses, and not necessarily produced by similar processes or methods of manufacture.
[See note at end of case.]

3. An expert called to testify as to the process of manufacture, quality and similarity of certain fabrics from inspection of them, may be shown other samples of like fabrics by the adverse party, and asked his opinion as to the kind of goods they are, and how they were manufactured, and his opinion may be contradicted by such party to impair his testimony as an expert.

Contract, to recover money paid to the collector of the port of Boston under protest, as duties laid upon certain dress goods under the act of 1862, as being goods "of similar description" to delaines. The cause was tried upon the general issue; the verdict was

[3] [Reported by Hon. William Cranch, Chief Judge.]
[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]
[2] [Affirmed in 101 U. S. 278.]